# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG GALLEGOS, | Case No. 1:19-cv-01168-LJO-EPG |
| Plaintiff, | **ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION** |
| v. | |
| DUNNION LAW FIRM, *et al.*, | |
| Defendants. | |

Plaintiff, Greg Gallegos, is proceeding *pro se* in this action (ECF No. 1), and has applied to proceed *in forma pauperis* (ECF No. 3). Based on the allegations in the Complaint (ECF No. 1), it appears that the Court lacks subject matter jurisdiction over this action. The Court will therefore require Plaintiff to show cause why this action should not be dismissed based on lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) ("[A] court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal.").

There are two bases for federal subject matter jurisdiction: federal question and diversity. Under federal question jurisdiction, federal district courts "have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under diversity jurisdiction, federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states. . . ." 28 U.S.C. § 1332(a). Plaintiff, as the party invoking federal jurisdiction, "has the burden of proving the actual existence of subject matter jurisdiction."

1

1 | *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).

Here, the Complaint (ECF No. 1) alleges a single claim against Dunion Law Firm. The claim appears to arise out of the law firm's representation of Plaintiff in a personal injury action. The Complaint alleges:

> The plaintiff herein is victem under stress that was defrauded of "equitable" compensation by Dunnion Law under set RULES of Law for injurys of 30 areas of plaintiffs single body in line with A.M.A. and Insurers standards, thus, [Defendants] are very guilty of Malice of Fore thought in Obstruction of Justice with criminal intent, because of bone fractures, brain trama, internal injurys, neck, spinal, shoulder, torso, hip and legs damages that creates medical costs for remainder of life.

(ECF No. 1 at 3 (underlining omitted); *see id.* at 4.)

The Complaint asserts federal jurisdiction under the provisions of the U.S. Constitution. However, the factual allegations of the Complaint do not support that assertion. The Complaint also does not include factual allegations that support a finding of diversity jurisdiction. To the contrary, the complaint lists Plaintiff's address as Fresno, California and the defendant law firm's address as "Montray," California (which the Court interprets as meaning Monterey, California), indicating that diversity jurisdiction is lacking. (*See* ECF No. 1.) Thus, based on the facts alleged in the Complaint, the Court lacks subject matter jurisdiction over this case.

Accordingly, Plaintiff is ORDERED to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiff shall file, no later than **September 11, 2019**, either: (1) an amended complaint alleging facts demonstrating the basis of this Court's subject matter jurisdiction; or (2) a response to this Order to Show Cause otherwise demonstrating the basis for the Court's subject matter jurisdiction.

**Plaintiff is cautioned that failure to respond to this Order to Show Cause may result in the dismissal of this action.**

IT IS SO ORDERED.

Dated: **August 28, 2019**          /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE