**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

GREG GALLEGOS,

                 Plaintiff,

v.

DUNNION LAW FIRM,

                 Defendant.

Case No. 1:19-cv-01168-LJO-EPG

FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITHOUT PREJUDICE, FOR LACK OF SUBJECT-MATTER JURISDICTION

(ECF No. 1)

OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS

         Plaintiff, Greg Gallegos, is proceeding *pro se* in this action (ECF No. 1), and has applied to proceed *in forma pauperis* (ECF No. 3). The Court recommends that this action be dismissed without prejudice and without leave to amend for lack of subject-matter jurisdiction.

         The Court must dismiss an action at any time if the Court determines that it lacks subject-matter jurisdiction over the action. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Snell v. Cleveland, Inc*., 316 F.3d 822, 826 (9th Cir. 2002) ("[A] court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal.").

         There are two bases for federal subject-matter jurisdiction: federal question and diversity. Under federal question jurisdiction, federal district courts "have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under diversity jurisdiction, federal district courts "have original jurisdiction of

all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states. . . ." 28 U.S.C. § 1332(a). Plaintiff, as the party invoking federal jurisdiction, "has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).

Here, the Complaint (ECF No. 1) alleges a single claim against Dunion Law Firm. The claim appears to arise out of the law firm's representation of Plaintiff in a personal injury action. The Complaint alleges:

> The plaintiff herein is victem under stress that was defrauded of "equitable" compensation by Dunnion Law under set RULES of Law for injurys of 30 areas of plaintiffs single body in line with A.M.A. and Insurers standards, thus, [Defendants] are very guilty of Malice of Fore thought in Obstruction of Justice with criminal intent, because of bone fractures, brain trama, internal injurys, neck, spinal, shoulder, torso, hip and legs damages that creates medical costs for remainder of life.

(ECF No. 1 at 3 (underlining omitted); *see id.* at 4.)

The Complaint asserts that there is federal question jurisdiction under the provisions of the U.S. Constitution. However, the factual allegations of the Complaint do not support that assertion. The Complaint also does not include factual allegations that support a finding of diversity jurisdiction. To the contrary, the complaint lists Plaintiff's address as Fresno, California and the defendant law firm's address as "Montray," California (which the Court interprets as meaning Monterey, California), indicating that diversity jurisdiction is lacking. (*See* ECF No. 1.) Thus, based on the facts alleged in the Complaint, the Court lacks subject-matter jurisdiction over this case.

The Court provided Plaintiff with an opportunity to provide additional information regarding his assertion of federal jurisdiction by issuing an order to show cause ("OSC") requiring Plaintiff to show cause why the case should not be dismissed for lack of subject-matter jurisdiction. (ECF No. 4.) In his response to the OSC, Plaintiff asserts that there is jurisdiction under the U.S. Constitution and makes clear that he is not claiming diversity jurisdiction, and is only claiming federal question jurisdiction:

> S.O.F. of Jurisdiction is SUBJECT MATTER already stated clearly as #470 Federal Constitution LAW of U.S. Burden of Proof has been stated on Cival Cover sheet sent as #470 in V. ORIGIN: Original Proceeding answered already. Your 8-28-19 [OSC], p.2, line 12 is repitition. I did NOT state DIVERSITY

whatsoever, only FEDERAL, which can only make moot your lines 13, 14 and
15s LACKING point. Facts are DIVERSITY was never the issue. Case is
FEDERAL. Above shows cause why case must NOT end.

(ECF No. 5 (underlining omitted).)

Neither the Complaint nor the additional information provided by Plaintiff in his response to the OSC establishes federal question jurisdiction. Plaintiff's assertion that he is bringing his claim under the U.S. Constitution is insufficient to establish federal question jurisdiction because the Complaint does not include a claim for violation of a particular provision of the Constitution. *See* 28 U.S.C. § 1331. The Complaint also does not include a claim for violation of a federal law or treaty of the United States. *See id.* To the contrary, Plaintiff's claim against the defendant law firm appears to be a state law claim for fraud or malpractice arising out of the defendant's representation of Plaintiff in a personal injury action. (*See* ECF No. 1.) Plaintiff must pursue his state law claim in state court, not federal court.

Accordingly, the Court RECOMMENDS that:

1. This action be dismissed, without prejudice and without leave to amend, based on lack of subject-matter jurisdiction; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 23, 2019**                    /s/ *Erica P. Grosjean*

UNITED STATES MAGISTRATE JUDGE