| | |
|---|---|
| GREG GALLEGOS,<br><br>Plaintiff,<br><br>v.<br><br>DUNNION LAW FIRM,<br><br>Defendant. | No. 1:19-cv-01168-LJO-EPG<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CASE WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND FOR LACK OF SUBJECT-MATTER JURISDICTION<br><br>(ECF Nos. 6, 7, 10, 12) |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff, Greg Gallegos, is proceeding *pro se* in this action. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 23, 2019, the assigned Magistrate Judge entered findings and recommendations recommending that this action be dismissed without prejudice and without leave to amend for lack of subject-matter jurisdiction. (ECF No. 6.) The findings and recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within twenty-one days. (*Id.*)

On November 1, 2019, Plaintiff filed a document titled "Certificate of Service #11504." (ECF No. 7.) Although the document did not indicate that it was intended to be objections to the Magistrate Judge's findings and recommendations, out of an abundance of caution, the Court construed the document as objections and gave those objections full consideration. On November

1

7, 2019, after conducting a *de novo* review of the case, including Plaintiff's filing, the Court entered an order adopting the findings and recommendations; dismissing the action, without prejudice for lack of subject matter jurisdiction; and directing the clerk of the court to close the case. (ECF No. 8.)

On November 25, 2019, Plaintiff filed another document titled "Certificate of Service 11504." (ECF No. 10.) Plaintiff indicated in this filing that his previous filing of September 23, 2019, was not intended to be an objection, but was instead only a notice to the Court that Plaintiff had a heart attack and that this entitled him to increased damages. (*See id*.) Plaintiff also contended in this filing that "no one ever gave any 21 day to reply, that was later only in L. ONeill letter of 11-6-2019. . . ." (*Id.*) The Court construed this language as indicating that Plaintiff was not given timely notice that he had twenty-one days to file objections to the findings and recommendations. The Court also assumed that Plaintiff did not receive a copy of the findings and recommendations, which contains notice that Plaintiff had twenty-one days to file objections. (*See* ECF No. 6.) Based these assumptions and Plaintiff's representations, the Court entered an order on December 2, 2019, that vacated the November 7, 2019, order adopting the findings and recommendations; provided Plaintiff with a copy of the findings and recommendations; and provided Plaintiff with an opportunity to file, with twenty-one days, objections to the findings and recommendations. (ECF No. 11.)

On December 11, 2019, Plaintiff filed another document titled "Certificate of Service #11504." (ECF No. 12.) It is unclear whether this document is intended by Plaintiff to be his objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiff's three filings titled "Certificate of Service #11504" (ECF Nos. 7, 10, 12), the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS ORDERED:

1. The findings and recommendations entered September 23, 2019 (ECF No. 6) are ADOPTED in full;

2. This action is DISMISSED, without prejudice and without leave to amend, based on lack of subject-matter jurisdiction; and

3. The Clerk of Court is respectfully directed to close this case.

IT IS SO ORDERED.

Dated: **January 7, 2020**    **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE