UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG GALLEGOS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DUNNION LAW FIRM,<br><br>　　　　Defendant. | No. 1:19-cv-01168-NONE-EPG<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(Doc. No. 15) |

　　　　Plaintiff, Greg Gallegos, is proceeding *pro se* in this action. On January 8, 2020, the previously assigned district judge dismissed this case without prejudice and without leave to amend for lack of subject matter jurisdiction (Doc. No. 13), adopting the recommendation of the assigned magistrate judge, who explained in findings and recommendations issued September 23, 2019, that "[p]laintiff's claim against the defendant law firm appears to be a state law claim for fraud or malpractice arising out of the defendant's representation of Plaintiff in a personal injury action," and therefore that "[p]laintiff must pursue his state law claim in state court, not federal court." (Doc. No. 6 at 3.)

　　　　Before the Court is plaintiff's document filed February 12, 2020, titled "Certificate of Service #11504." (Doc. No.15.) Out of an abundance of caution, the court will construe plaintiff's filing as a motion for reconsideration and, for the reasons explained below, will deny that motion.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

In the pending motion for reconsideration, plaintiff raises assertions that are difficult to decipher, confusing and in some instances nonsensical. For example, plaintiff states that the assigned magistrate judge "ignored from 9-2019-now on technicalty double taking away truths via repetition, lies and misdirection coniving." (Doc. No. 15 at 1) (emphasis and misspellings in original). Plaintiff's motion also includes contentions that the magistrate judge, the previously assigned district judge, and/or court personnel have engaged in lies, cover up, malice, misdirection, conniving, perjury, and receiving pay-offs, among other things, and also includes language that could be construed as threatening.[1] However, plaintiff does not raise any new arguments regarding the substance of the court's order dismissing this action due to lack of subject matter jurisdiction.

Accordingly, plaintiff's document (Doc. No. 15), construed as a motion for reconsideration, is DENIED.

IT IS SO ORDERED.

Dated: **March 6, 2020**    /s/ Dale A. Drozd
                         ───────────────────────────
                         UNITED STATES DISTRICT JUDGE

---

[1] For example, in the motion plaintiff states: "When L. O'Neill via laziness join bogus coherts above via lies, just Congressman NUNES erace L. ONeill for crimes above herein this case, because LIFE TIME TERMS do NOT give anyone the right too be above THE 'LAW.'" (Doc. No. 15 at 5) (emphasis and misspellings in original).

2